IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANGELO BROTHERS, LLC, formerly known as DeAngelo Brothers, Inc., trading as Lawn Specialties,<br><br>    Plaintiff<br>vs.<br><br>ADVANCED LAWN SPECIALITES, LLC,<br><br>    Defendant | No. _____<br><br>(JUDGE _____)<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff, DEANGELO BROTHERS, LLC, formerly known as DeAngelo Brothers, Inc., trading as Lawn Specialties ("DBi"), by and through its undersigned counsel, complains against Defendant, ADVANCED LAWN SPECIALITIES, LLC ("ALS"), as follows:

## **THE PARTIES**

1.  DBi is a Pennsylvania limited liability company with its principal place of business at 100 North Conahan Drive, Hazleton, Pennsylvania 18201. DBI registered the fictitious name, Lawn Specialties, in 1982. Since 1982, DBi has owned and traded under the fictitious name, Lawn Specialties.

917897.2

2. Upon information and belief, ALS is a Pennsylvania limited liability company with its principal place of business at 403 Winters Avenue, West Hazleton, Pennsylvania 18202.

3. ALS's principal place of business is approximately 4.1 miles from DBi's principal place of business.  (A copy of a Google Maps print out showing the distance between DBi and ALS is attached hereto as Exhibit "A.")

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. §1338(a) and (b) because this action arises under the Lanham Act (15 U.S.C. §§ 1051-1127); and 28 U.S.C. §1367 (supplemental jurisdiction).

5. This Court has personal jurisdiction over ALS because it is located within the Middle District of Pennsylvania, and it conducts business within the Middle District of Pennsylvania.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 139l(b) and (c) because it is where ALS transacts business and/or maintains an office or business location, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this District.

## **FACTS**

7.  DBi is the owner of a well-known landscaping and lawn care business that provides various services in connection with the service mark Lawn Specialties (hereinafter, the "Lawn Specialties Mark").

8.  For more than thirty (30) years, DBi supplied landscaping and lawn care services under the Lawn Specialties Mark throughout Eastern Pennsylvania, and, more particularly, the Greater Hazleton area.

9.  In that time, the entities, and individuals in the trade, as well as the public which purchases the services provided by DBi under the Lawn Specialties Mark, have to come to understand the name "Lawn Specialties" as standing for and being synonymous with DBi.

10.  The Lawn Specialties Mark is featured prominently in DBi's marketing, signage and, on the company's website, lawnspecialties.com, and on the company's Facebook profile https://www.facebook.com/Lawn-Specialties-562205903795795/. (Copies evidencing DBi's Lawn Specialties website and its Facebook page are attached hereto as Exhibits "B" and "C," respectively.)

11.  Moreover, DBi's Lawn Specialties Mark is conspicuously displayed on its service vehicles. (Copies of photos of DBi's Lawn Specialties service vehicles are attached hereto as Exhibit "D.")

917897.2

## ALS'S INFRINGING CONDUCT

12. In or about early May of 2014, DBi became aware that Bruce Schlauch ("Mr. Schlauch") was operating a landscaping and lawn care business using a confusingly similar fictitious name called "Advanced Lawn Specialties."

13. On May 13, 2014, DBi sent a letter to Mr. Schlauch, informing it that "Lawn Specialties" was a registered trade name of DBi and demanding that it cease using the name "Lawn Specialties" in connection with its business, including any advertising flyers.

14. After receiving DBi's May 13, 2014 letter, upon information and belief, Mr. Schlauch ceased using advertising flyers promoting the name "Advanced Lawn Services."

15. In May of 2015, DBi became aware that advertisements were being distributed under the name "Advanced Lawn Specialties, LLC."

16. After investigation, DBi learned that Mr. Schlauch created Advanced Lawn Specialties, LLC on February 13, 2015 with the Pennsylvania Department of State. Upon information and belief, Mr. Schlauch is the principal member of ALS.

17. On May 4, 2015, DBi sent a letter to ALS's counsel, Michael Sharkey, Esquire, informing him that "Lawn Specialties" was a registered trade name of DBi and demanding that ALS cease using the name "Lawn Specialties" in connection with its business, including any advertisements.

18. Upon information and belief, customers have become confused by the existence of ALS's unauthorized use of the Lawn Specialties Mark and have purchased services from ALS by mistake and believed that they were doing business with DBi.

19. DBi has demanded that ALS cease and desist from unlawfully appropriating the Lawn Specialties Mark.

20. Notwithstanding DBi's demands that ALS cease and desist from its infringement, ALS willfully, intentionally and maliciously, and in conscious disregard for DBi's rights, and only in furtherance of ALS's pecuniary interest, continues to use DBi's Lawn Specialties Mark.  (Copies of ALS's advertisements are attached hereto as Exhibit "E.")

21. ALS's use of DBi's Lawn Specialties Mark creates an inference that ALS, with actual knowledge, acted in bad faith, intending to cause consumer confusion and trade on DBi's established goodwill and reputation.

## COUNT I
## Violation of Lanham Act 15 U.S.C. §1125(a); (Unfair Competition, False Designation of Origin, False Description and False Representation)

22. DBi hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-21, inclusive of this Complaint.

23. Continuously, since 1982, DBi has used in commerce the Lawn Specialties Mark in connection with its landscape and lawn care business.

917897.2

24. DBi has obtained common law trademark rights for the Lawn Specialties Mark as used in connection with its landscape and lawn care business.

25. As a result of DBi's longstanding continuing use of the Lawn Specialties Mark to identify DBi's landscaping and lawn care business, the Lawn Specialties Mark has come to symbolize a source of high quality to the public and as standing for and being synonymous with DBi.

26. DBi has maintained, and continues to maintain, the highest standards of quality in connection with the sale of landscape and lawn care services under the Lawn Specialties Mark.

27. Upon information and belief, DBi's Lawn Specialties Mark is inherently distinctive to the public, and serves primarily as a designator of origin of DBi's provision of landscaping and lawn care services.

28. Because of the widespread use of DBi's Lawn Specialties Mark, the public and the trade use DBi's Lawn Specialties Mark to identify and refer to Plaintiff; the public and the trade recognize that such designations refer to a high quality products and services emanating from a single source; and DBi's Lawn Specialties Mark has built up secondary meaning and extensive goodwill.

29. ALS has intentionally used and continues to intentionally use a copy, variation, simulation or colorable imitation of the Lawn Specialties Mark in

917897.2

connection with offering landscape and lawn care services with full knowledge of the prior use of the Lawn Specialties Mark by DBi.

30.     ALS's intentional use of a copy, variation, reproduction, simulation or colorable imitation of DBI's Lawn Specialties Mark for landscape and lawn care services is likely to cause confusion, mistake, or deception, constitutes trademark infringement, and constitutes unfair competition.

31.     ALS's intentional actions constitute a false designation of origin, a false description of DBI's landscape and lawn care services, and a false representation that ALS's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with DBi.

32.     ALS's acts are in violation of the Lanham Act, 15 U.S.C. §1125(a).

33.     ALS is causing immediate and irreparable injury to DBi, and to DBi's goodwill and reputation.  ALS will continue to damage DBi and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

34.     DBi has no adequate remedy at law.

## COUNT  II
## Common  Law Trademark Infringement

35.     DBi hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-34, inclusive of this Complaint.

36. ALS's intentional actions constitute trademark infringement under common law.

37. ALS is causing immediate and irreparable injury to DBi, and to its goodwill and reputation, and will continue to damage DBi and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court. DBi has no adequate remedy at law.

## COUNT III
## Common Law Unfair Competition

38. DBi hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-37, inclusive of this Complaint.

39. ALS's intentional actions constitute unfair competition, a false designation of origin, a false description of DBi's landscape and lawn care services, and a false representation that ALS's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with DBi.

40. ALS's acts constitute unfair competition.

41. ALS is causing immediate and irreparable injury to DBi, and to its goodwill and reputation, and will continue to damage DBi and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

42. DBi has no adequate remedy at law.

## COUNT IV
## Violation of Pennsylvania's Anti- Dilution Statute, 54 Pa. C.S.A. §1124

43.     DBi hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-42, inclusive of this Complaint.

44.     ALS has intentionally used and continues to intentionally uses a copy, variation, simulation or colorable imitation of the Lawn Specialties Mark in connection with offering landscape and lawn care services with full knowledge of the prior use of the Lawn Specialties Mark by DBi.

45.     ALS's intentional use of a copy, variation, reproduction, simulation or colorable imitation of DBI's Lawn Specialties Mark for landscape and lawn care services is likely to cause confusion, mistake, or deception, constitutes trademark infringement, and constitutes unfair competition.

46.     ALS's intentional actions constitute a false designation of origin, a false description of DBI's landscape and lawn care services, and a false representation that ALS's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with DBi.

47.     ALS's acts constitute a violation of Pennsylvania's Anti-Dilution Statute, 54 Pa. C.S.A. §1124.

48.     ALS is causing immediate and irreparable injury to DBi, and to its goodwill and reputation, and will continue to damage DBi and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

917897.2

49. DBi has no adequate remedy at law

## **PRAYER FOR RELIEF**

WHEREFORE, DBi prays that this Court enter judgment against ALS as follows:

1. That ALS, its associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys, and all persons in active concert, cooperation and/or participation with it, be permanently enjoined from:

>    (a) engaging in any further acts of infringing DBi's intellectual property, including business identity and trademarks as described herein;

>    (b) using any false designation of origin or false description, including the use of DBi's Lawn Specialties Mark, that can, or is likely to, lead the consuming public, or individual members thereof, to believe that any goods or services produced, advertised, promoted, marketed, provided, or sold by ALS are in any manner associated or connected with DBi, or are advertised, promoted, marketed, sold, licensed, sponsored, approved or authorized by DBi; and

>    (c) unfairly competing with DBi in any manner whatsoever.

2. That ALS be required to account to DBi for ALS's profits and the actual damages suffered by DBi as a result of ALS's acts or infringement, false designation of origin, unfair competition, unfair and deceptive trade practices, and dilution of DBi's Lawns Specialties Mark, together with interest, and that DBi's recovery be

trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117) and/or Section 1125 of the Pennsylvania's Anti-Dilution Statute (54 Pa. C.S.A. §1124).

3. That ALS be compelled to pay DBi's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117).

4. That ALS be compelled to pay DBi punitive damages.

5. That ALS account to DBi for its profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement.

6. That DBi be awarded pre-judgment interest as allowed by law.

7. That DBi be awarded the costs of this action.

8. That DBi be granted such other and further relief as this Court may deem just and proper.

>Respectfully submitted:
>ROSENN, JENKINS & GREENWALD, LLP
>BY:   /S/JAMES C. OSCHAL, ESQUIRE
>      JAMES C. OSCHAL, ESQUIRE
>      PA. I.D. NO. 53846
>      THOMAS J. CAMPENNI, ESQUIRE
>      PA I.D. NO. 87809
>      15 South Franklin Street
>      Wilkes-Barre, PA 18711-0075
>      (570) 826-5621 – telephone
>      (570) 706-3415 – facsimile
>      joschal@rjglaw.com
>      tcampenni@rjglaw.com
>
>      Attorneys for Plaintiff,
>      DeAngelo Brothers, LLC, formerly known as DeAngelo Brothers, Inc., trading as Lawn Specialties

917897.2